

# The Attorney General of Texas

August 1, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-1220

Re: Constitutionality of Acts 1977, 65th Leg., ch. 818, at 2065 (House Bill 1076) and constitutionality of Acts 1977, 65th Leg., ch. 790, at 1975 (Senate Bill 1078) which relates to assessment of property owned by nonprofit associations for the use, benefit, and enjoyment of their members.

Dear Mr. Resweber:

You have requested our opinion regarding the constitutionality of two statutes enacted by the 65th Legislature.

The first of them, article 7150 1, V.T.C.S., relates to the assessment of property owned by nonprofit associations for the use and benefit of their members. In the typical situation, the owners of a residential subdivision or condominium complex seek to attract buyers by providing within the development common areas which offer various recreational activities. The common areas are held in the name of a nonprofit tenants' association, which maintains the facilities and assesses membership fees.

Article 7150 1 requires that all property held by such a tenants' association

> shall be assessed for tax purposes on the basis of a
> nominal value with respect to all property taxes levied
> by the State of Texas or any political subdivision of
> the State of Texas.

Section 2. The statute is based upon a recognition that

> the valuation for tax purposes of the property . . .
> nominally held by such associations or corporations is
> actually reflected in the enhanced valuation of the

property owned by the individual members thereof, and to assess such nominally owned property on the basis of its fair market value would result in double taxation of such property. . . .

Section 1.

In Attorney General Opinion H-1098 (1977), we held that another tax relief statute, House Bill 22, was in contravention of article 8, section 1 of the Texas Constitution because it specifically required a method of valuing certain agricultural property which did not reflect market value.  As we noted therein, Texas courts have

[o]n numerous occasions . . . specifically indicated that it is settled that the Texas Constitution, unless amended by the people to provide otherwise, requires appraisal on the basis of market value.

Attorney General Opinion H-1098, and decisions cited therein.   Article 7150 1 likewise applies to a standard other than market value, i.e., "nominal value." In our opinion, the Texas Constitution does not permit such a basis for evaluating property.

Of course, the easement will diminish the value of the servient estate and increase the value of the dominant estate.  To the extent that the value of one piece of property is reduced and the other is increased, the assessment is required to reflect that fact.  We do not believe, however, that the Legislature can mandate that the value of the servient estate is necessarily nominal.

By contrast, article 7150n, V.T.C.S., does not substitute some lesser standard for that of market value.  It merely requires that the assessor "shall consider no factor other than those relative to the value of the land, as restricted." Section 3(b).  (Emphasis added).  This does not constitute a change in current means of establishing market value.

The important change which is made by the statute is the establishment of a new means of restricting land.  Article 7150n discusses the valuation of land which is subject to a deed restriction or to a "restriction instrument." Deed restrictions are, of course, often utilized in the conveyance of land.  The act, however, establishes criteria for the "restriction instrument."  It can be filed only on land which consists of at least five or more acres, and it must limit the use of the land to recreational, park, or open space use.  The restriction must apply for a term of years, and it can be enforced in the same manner as a deed restriction by the county attorney or by any person owning or having any interest in the restricted property.  The act encourages renewal of the restriction by levying a penalty if it

expires or is violated.  The practical effect of the penalty provision is that the owner will pay the amount of taxes due on an assessment based on market value without restrictions plus double the amount of taxes due on the market value as restricted.  This amount, i.e., taxes on unrestricted market value plus double the taxes on restricted market value, must be paid for the current year and for the preceding five years.  Furthermore, if the restriction is violated an additional penalty is due for that year which is equal to the taxes due on the difference between the market value without restrictions and the market value as restricted.

In our opinion, article 7150n provides a means of restricting the use of property and adopts the constitutional standard for valuing the property which is restricted.  "Market value" remains the standard, but market value must be ascertained in light of the relevant deed restrictions or restriction instruments.  As we interpret article 7150n, the tax assessor is not required to ignore all factors relating to the land's value for purposes other than recreational or open space use.  The assessor must consider the effect any deed restriction or restriction instrument has on the value of the property.  The permanence and enforceability of the restriction are factors for the assessor to consider.  Presumably the value of land burdened with a restriction will always be less than comparable land which is not so burdened; however, the difference in the restricted and unrestricted value will depend on the permanence and the enforceability of the restriction.  By interpreting article 7150n in this manner, we believe it meets the requirement that land be valued according to its market value and is thus constitutional.

## SUMMARY

Article 7150 1, V.T.C.S., which permits the assessment of certain property on a nominal basis, violates article 8, section 1 of the Texas Constitution.  Article 7150n, V.T.C.S., which requires that property be assessed at market value but that certain deed restrictions be considered, is constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn